UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JIMI JAMES HAMILTON,

    Plaintiff,

  v.

CHIEF ROBERT MASKO, *et al.*,

    Defendant.

Case No.C07-5610 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: May 23, 2008**

    This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).

    On November 7, 2007, Plaintiff filed an application for leave to proceed *in forma pauperis* and proposed civil complaint. (Dkt. # 1). By letter dated November 9, 2007, the Clerk of Court advised Plaintiff of deficiencies in his application. (Dkt. # 2). On January 28, 2008, the Court ordered Plaintiff to show cause why his application should not be denied for failure to cure the noted deficiencies or payment of the filing fee. (Dkt. # 3). That mail was returned as undelivable to Plaintiff. (Dkt. # 4).

    It has been more than sixty days since the Court's latest mailings to Plaintiff was returned and the Court does not have a current address for the P1aintiff. The Plaintiff appears to have abandoned this action.

REPORT & RECOMMENDATION - 1

**DISCUSSION**

Local Rule 41(b)(2) states:

A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends that Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. # 1) should be denied and that this action should be dismissed without prejudice for failure to prosecute pursuant to Local Rule 41(b)(2).

**CONCLUSION**

The Court should dismiss this action as Plaintiff has left no forwarding address and appears to have abandoned the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 23, 2008**, as noted in the caption.

DATED this 25th day of April, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT & RECOMMENDATION - 2